EARL DEAN TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 6072-90
United States Tax Court
T.C. Memo 1991-471; 1991 Tax Ct. Memo LEXIS 520; 62 T.C.M. (CCH) 826; T.C.M. (RIA) 91471; September 25, 1991, Filed *520 Earl Dean Taylor, pro se. Terri A. Merriam, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. (All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure). This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted filed pursuant to Rule 40 and respondent's motion for damages (now called a penalty) under section 6673. Petitioner filed no written objections to respondent's motions. The motions were calendared for hearing. The parties appeared and oral arguments were heard by the Court. Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax Under Sections
6651
6653
6653
6653
6653
Year
Deficiency
(a)(1)
(a)(1)
(a)(1)(A)
(a)(2)
(a)(1)(B)
6654(a)
1985
$ 674
$ 166.75
$ 33.70
-
*
-
$ 38.12
1986
992
248.00
$ 49.60
-
*
48.00
*521 Respondent's determination was based upon the failure of petitioner to report wages earned from various employers and receipt of unemployment compensation. Petitioner disputes respondent's determinations in his petition as follows: Under the U.S. Constitution the issue of paying an income tax is a voluntary compliance law unless the court can bind the petitioner to the U.S. constitution by oath or affirmation Article VI. The petitioner filed tax exempt in 1983 and therefore no tax is owed by the petitioner under the U.S. constitution as this document outlines what the United States government can and cannot do. All individuals who fall under this document are bound by oath or affirmation and receive just compensation for their services. Not the case with the petitioner who does not fall under the jurisdiction of the United States government or its agencies as outlines under the U.S. constitution (Reproduced literally)
At the hearing on respondent's motions, petitioner repeated his tax protester objections that he is not a taxpayer and is exempt from tax. Petitioner is wrong. He is not exempt from Federal income tax. See . Furthermore, petitioner's tax protester arguments have been repeatedly rejected by this Court and other Courts on numerous occasions, and merit no extended discussion. See , affd. ; . Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. We agree with respondent that no justiciable error has been alleged in the filed petition. Since petitioner has not raised any justiciable facts or issues in his petition and has failed to properly prosecute this case in accordance with the rules of this Court, respondent's motion to dismiss will be granted. See , affd. without published opinion . We now consider respondent's motion *523 for a penalty under section 6673. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay, or that the taxpayer unreasonably failed to pursue available administrative remedies, the Court may require the taxpayer to pay to the United States a penalty in an amount not in excess of $ 25,000. Section 6673(a), as amended by section 7731 of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400. We find that the petition in this case is frivolous and groundless and was filed primarily for delay. Accordingly, we will grant respondent's motion for a penalty, and in our decision will require petitioner to pay to the United States a penalty in the amount of $ 2,000. An appropriate order and decision will be entered. Footnotes
*. 50 percent of the interest due on the entire underpayment. Petitioner resided in Blaine, Washington, when he filed his petition in this case.↩